**Azieb George BERHIE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 02–70390.
INS No. A72–440–737.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided March 18, 2003.

Before T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Azieb George Berhie petitions for review of a final order of the Board of Immigration Appeals ("BIA") denying her application for asylum and withholding of deportation pursuant to Sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a), 1253(h). The BIA agreed with the decision of the Immigration Judge ("IJ"), concluding that Berhie "has failed to establish past persecution or a well-founded fear or clear probability of persecution in Ethiopia based on one of the five protected statutory grounds."

We grant Berhie's petition for review in part, on the ground that the BIA erroneously denied her claim of past persecution. We conclude "that the evidence presented was so compelling that no reasonable factfinder could fail to find" past persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). It is significant that the IJ determined that Berhie was credible. Berhie was a victim of violence. In her family's home, she witnessed her brother's killing and her sister's abduction. Based upon this evidence and the remainder of the record, Berhie established that her past persecution was on account of her membership in a particular social group, her family. *See Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir.1999).

Because we do not reach the other issues raised on appeal, we remand to the BIA for further proceedings consistent with this disposition. We observe, however, that the IJ's assessment of Berhie's fear of future persecution, stating that, "[it] seems clear that if the former government under Mengustu wanted to harm or persecute [petitioner], they had ample opportunity to do that when they entered the [petitioner's] home in 1975 and killed her brother," improperly relies on "personal conjecture and speculation, which we have stressed is no 'substitute for substantial evidence.'" *Maini v. INS*, 212 F.3d 1167, 1173 (9th Cir.2000) (internal citation omitted).

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

